UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AMANDA LAUGHTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HEARTLAND RECREATIONAL VEHICLES LLC, et al., <br><br> Defendants. | Case No. 3:24-CV-00167-GSL-AZ |

**OPINION AND ORDER**

This matter is before the Court on Defendant Heartland's Motion to Dismiss [DE 14] and Defendant Camping World's Motion to Dismiss [DE 16]. For the following reasons, the Court GRANTS both Defendants' motions.

**A. Factual History**

On June 24, 2023, Plaintiffs purchased a motorhome from Defendant RV World, LLC d/b/a Camping World RV Sales ("Camping World"). [DE 1, ¶ 7]. The motorhome was manufactured by Defendant Heartland Recreational Vehicles, LLC ("Heartland"). [*Id.*]. Plaintiffs allege that after purchasing the motorhome, several defects manifested during the available warranty period. [*Id.* at ¶ 14]. These defects included air conditioning problems, water leaks, and malfunctioning electrical outlets.[1] [*Id.*]. Further, Plaintiffs allege that they returned the motorhome to Defendants on numerous occasions for repairs, but that the more significant

---

[1] Plaintiffs also allege "any other defects or non-conformities outlined in the repair orders." [*Id.* at ¶ 14]. However, they don't specify the type of defects or non-conformities, nor do they attach or reference any specific repair orders.

defects were not fixed. [*Id.* at ¶ 15]. Plaintiffs also allege that the motorhome was out of service for over ninety days within the first year of owing it. [*Id*. at ¶ 14].

### B. Procedural History

On December 4, 2023, Plaintiffs filed the instant action in federal court in the Northern District of Texas. [DE 1]. Plaintiffs' Complaint identifies three state law claims and argues that the court has jurisdiction based on diversity. [*Id.*]. On January 12, 2024, Defendants each filed motions requesting that the case be transferred to the Northern District of Indiana and that the case be dismissed. [DE 14], [DE 16]. The court granted the motions to transfer but deferred all judgments on the merits to the transferee court. [DE 25]. On March 25, 2024, this case was assigned to this Court, and by May 20, 2024, the instant motions were fully briefed by both parties. [DE 36], [DE 38]. The Court now evaluates the merits of dismissal.

### C. Legal Standard

To survive a Rule 12(b)(6) motion, a pleading must contain sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "When examining a motion to dismiss, [a court] will accept as true all well-pleaded facts in the complaint and draw reasonable inferences in favor of the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 523 (7th Cir. 2022) (citation omitted). "But legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *Id.* (quoting *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)).

### D. Discussion

Plaintiffs bring three counts under state law against both Defendants: 1) violations of the Texas Deceptive Trade Practices Act ("DTPA"), 2) breach of express warranty, and 3) breach of implied warranty. [DE 1]. Defendants seek to dismiss all three counts for failure to state a claim.[2] [DE 14], [DE 16].

Defendant Heartland argues that Counts 1 and 3 should be dismissed because both are based on breaches of implied warranties. [DE 14, page 13]. Defendant Heartland asserts that it explicitly disclaimed all implied warranties in its written warranty and that "it is well established under Texas law that implied warranties can be expressly disclaimed." [*Id.*] (quoting *Cronus Offshore, Inc. v. Kerr McGee Oil & Gas Corp.*, 369 F.Supp.2d 848, 856 (E.D. Tex. 2004)). Next, Defendant Heartland argues that Count 2 should be dismissed because the alleged defects are not covered by the written warranty, Plaintiff failed to exhaust the remedies prescribed by the written warranty, and Plaintiff seeks damages not available under the written warranty. [*Id.*].

Defendant Camping World argues that all three Counts should be dismissed because each is premised upon Defendant's alleged breach of express or implied warranties. [DE 16, page 15]. Defendant asserts that it provided no such warranties. [*Id.*]. First, Defendant Camping World argues that it is not a party to the written warranty offered by Defendant Heartland, and that it explicitly disavowed as such in its sales agreement. [*Id.* at page 16]. Next, Defendant Camping World argues that it also disclaimed any implicit warranty in its sales agreement too. [*Id.* at page 17].

---

[2] Defendant Camping World also argues that the case should be dismissed for a lack of subject matter jurisdiction because complete diversity does not exist. Since the Court dismisses all the claims on different grounds, the Court will not evaluate this argument.

In their Response to the instant motions, Plaintiffs don't dispute the merits of any of Defendants' arguments to dismiss. [DE 36]. Plaintiffs only state that the motions to dismiss should be denied, or alternatively that they should be granted leave to amend their complaint. [*Id.*].

Because Defendants presented a colorable argument in their motions to dismiss, and Plaintiffs failed to respond to the argument, the Court will assume Plaintiffs concede to the insufficiency of their complaint. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999))). Nevertheless, this is not dispositive. District courts are instructed to exercise a liberal approach to amending pleadings. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, however, a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly."); *see also Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice . . . .").

Therefore, the Court grants Defendants' motions to dismiss without prejudice to reconsider and grants Plaintiffs leave to file an amended complaint within 30 days of this order.

## **CONCLUSION**

For these reasons, both Defendant's Motions to Dismiss [DE 14], [DE 16] are GRANTED without prejudice to reconsider.

SO ORDERED.

ENTERED: August 1, 2024

                                              /s/ GRETCHEN S. LUND  
                                              Judge  
                                              United States District Court